JC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Cruz Mercado-Ramirez,
Petitioner,
v.
John Cantu, et al.,
Respondents.

No. CV-26-03287-PHX-SPL (MTM)

**ORDER**

Petitioner Jose Cruz Mercado-Ramirez, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention. Upon review of the briefing (Docs. 1, 6, 7), the Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies.

## I. Background

Petitioner, a native and citizen of Mexico who is charged with having entered the United States without admission or inspection, has resided in the United States since approximately 2004. (Doc. 1 ¶¶ 2, 14, 21; Doc. 1-1 at 20.) On July 3, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner after his release from the Avondale City Jail, where he had been held on a domestic violence assault charge. (Doc. 1 ¶ 22.) Respondents treated Petitioner as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). On September 2, 2025, an Immigration Judge ruled that he lacked jurisdiction to consider Petitioner's request for bond. (Doc. 1 ¶¶ 3, 25; Doc. 1-1 at 3.) On March 20, 2026, in Petitioner's first habeas action, No. CV-26-01775-PHX-SPL (MTM),

this Court concluded that Petitioner's detention is governed by 8 U.S.C. § 1226, not § 1225. The Court ordered Respondents to provide him a bond redetermination hearing within seven days or release him. (Doc. 1-1 at 6-8.) On March 25, 2026, the Immigration Judge held a hearing and denied bond after finding that Petitioner presented a danger and a flight risk. (Doc. 1-1 at 37-38.) On April 24, 2026, Petitioner appealed that determination to the Board of Immigration Appeals ("BIA"). (Doc. 1-1 at 40, 51.) The record does not reflect that the BIA has ruled on the appeal.

On May 8, 2026, Petitioner filed this action through counsel.[1] (Doc. 1.) The Petition presents a single due process claim. (Doc. 1 at 19.) Asserting that his detention has become prolonged, Petitioner argues that the March 25, 2026 hearing had to be conducted in the manner prescribed by *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). (Doc. 1 ¶¶ 39-43.) He contends that the Immigration Judge failed to require the Government to prove danger or flight risk by clear and convincing evidence and did not make a contemporaneous record. He also contends that the Immigration Judge erred as a matter of law in finding him a flight risk and a danger. (*Id.* ¶¶ 44-52.) He seeks release or, in the alternative, a new bond hearing under *Singh* before a different Immigration Judge. (*Id.* ¶ 6; Doc. 7 at 9.) Respondents assert that 8 U.S.C. § 1226(e) bars review of the Immigration Judge's determination and that Petitioner should pursue his administrative remedies. (Doc. 6 at 2-4.)

## II. Discussion

### A. Jurisdiction and Exhaustion

District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment regarding the detention and release of an alien, it does not "preclude habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond]

---

[1] On October 7, 2026, Petitioner filed a pro se § 2241 petition in CV-26-07332-PHX-SPL. By separate Order, the Court dismisses that action as duplicative.

process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh*, 638 F.3d at 1202).

The Court therefore "has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (explaining that although the IJ's discretionary bond determination was not reviewable in federal court, *see* 8 U.S.C. § 1226(e), the court would have had "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [the petitioner's] agency proceedings, including any claimed due process violation"); *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM (CDB), 2026 WL 1355010, at *6 (D. Ariz. Apr. 23, 2026) (claims challenging the procedural adequacy of a bond hearing are reviewable), *report and recommendation adopted*, 2026 WL 1352061 (D. Ariz. May 14, 2026).

Jurisdiction, however, is not the end of the inquiry.[2] The regulations provide that an alien may appeal an Immigration Judge's custody determination to the BIA. *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3). When a petitioner seeks habeas relief before completing that process, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011);

---

[2] Respondents contend that the Petition presents no case or controversy because Petitioner has already received a bond hearing. (Doc. 6 at 4-5.) A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). The Petition does not allege that Petitioner was denied a bond hearing. Instead, it alleges that the hearing he received did not comport with due process. If Petitioner were to prevail, relief would remain available in the form of release or a new custody redetermination. The Petition is not moot.

*see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (requiring exhaustion of constitutional claims that the BIA can review on appeal).

**B. Petitioner Has Not Exhausted His Administrative Remedies**

"The doctrine [of exhaustion] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). In other words, an exhaustion requirement "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241, which does not explicitly require administrative exhaustion. However, the "Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Leonardo*, 646 F.3d at 1160; *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018)). Exhaustion is required "because agency expertise is often needed to generate a proper administrative record, because relaxing exhaustion would only encourage detainees to deliberately bypass available administrative remedies, and because administrative review can often correct the errors alleged—eliminating any need for federal habeas review." *Fan v. Bondi*, No. 5:25-cv-3619-SK, --- F. Supp. 3d ----, 2026 WL 2276462, at *9 (C.D. Cal. Aug. 6, 2026) (citing *Puga*, 488 F.3d at 815).

Here, Petitioner challenges the March 25, 2026 custody determination, which he appealed to the BIA on April 24, 2026. (Doc. 1 ¶¶ 39-56; Doc. 1-1 at 40, 51.) As the record does not reflect that the BIA has ruled, the Petition is unexhausted. *See Santos*

*Barrera v. Semaia*, No. EDCV 24-1617 PA (PVC), 2025 WL 2684198, at *4 (C.D. Cal. Mar. 5, 2025) (applying *Leonardo* where the petitioner "pursued habeas review of the IJ's adverse bond redetermination before the BIA issued a ruling in his case"); *Monjaraz v. Casey*, No. 26-cv-5703-RSH-MMP, 2026 WL 3125028, at *1-2 (S.D. Cal. Oct. 19, 2026) (applying *Leonardo* where the petitioner, after receiving a court-ordered bond hearing, sought habeas review of the bond denial while his BIA appeal remained pending).

A court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). That discretion, however, "is not unfettered," and the exhaustion requirement "is not lightly to be disregarded." *Laing*, 370 F.3d at 998 (quoting *Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978)). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Id.* Petitioner bears the burden of showing that at least one of the *Laing* factors applies. *See Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."). As explained below, the Court finds that Petitioner has not carried that burden.

Petitioner contends that the Immigration Judge violated his right to due process by failing to apply the procedures he argues *Singh* requires for prolonged detention,[3] relying

---

[3] At a custody redetermination under 8 U.S.C. § 1226(a), the alien ordinarily bears the burden of showing that he is not a danger to the community and is not a flight risk. *Rodriguez Diaz*, 53 F.4th at 1197 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)); *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). *Singh*, on which Petitioner relies, addressed "*Casas* hearings," which were bond hearings the Ninth Circuit had read into the statute, under the canon of constitutional avoidance, for aliens initially held without bond under 8 U.S.C. § 1226(c) whose detention became prolonged while they sought federal appellate review of their removal orders. *See Singh*, 638 F.3d at 1200-01; *Rodriguez Diaz*, 53 F.4th at 1198-99, 1202, 1210-11. The Supreme Court has since rejected the statutory reading on which those hearings rested. *See Jennings v. Rodriguez*, 583 U.S. 281, 296-306 (2018) (rejecting the Ninth Circuit's interpretation of §§ 1225(b), 1226(a), and 1226(c) to require periodic bond hearings); *Rodriguez Diaz*, 53

on his manner of entry, lack of status, and pending removal appeal to find him a flight risk, and relying on a single arrest resolved by a plea to disorderly conduct to find him a danger. (Doc. 1 ¶¶ 39-56.) "The Ninth Circuit distinguishes between constitutional claims that only an Article III court can resolve and issues with constitutional implications that may nonetheless be corrected by the BIA on appeal." *Aden*, 2019 WL 5802013, at *1 (citing *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995); *Rojas-Garcia*, 339 F.3d at 819). A habeas court reviewing a custody determination "cannot reweigh the evidence," *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)), and a petitioner may not obtain review of a discretionary determination by "cloaking an abuse of discretion argument in constitutional garb," *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). Petitioner's contentions that his manner of entry, lack of status, and single arrest deserved less weight, and his equities more weight, are arguments of that kind.

The BIA reviews an Immigration Judge's rulings on questions of law, discretion, and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(ii). If the March 25, 2026 determination rested on an improper factor, or failed to reflect the individualized assessment that the BIA's own precedent requires, the BIA can correct the error and order appropriate relief. *See* 8 C.F.R. § 1003.19(f); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process."); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (procedural due process claims "must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims").

---

F.4th at 1200-02. Petitioner's March 25, 2026 hearing was not conducted as a *Casas* hearing. It was the custody redetermination that 8 C.F.R. §§ 236.1(d), 1236.1(d), and 1003.19 provide for aliens detained under § 1226(a), which the Court ordered Respondents to provide Petitioner in March 2026. (Doc. 1-1 at 8.) Whether Petitioner was entitled to a hearing at which the Government bore the burden is a question the BIA can address in the first instance, and the Court does not decide it here. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

Petitioner's claims that the Immigration Judge was not neutral, failed to create a contemporaneous record,[4] and improperly placed the burden on Petitioner (Doc. 1 ¶¶ 39-40, 42; Doc. 7 at 2-9) are also correctable by the BIA. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 779-80 (9th Cir. 2001); *Hernandez Ortiz v. Mullin*, No. 5:26-cv-01766-AB (ACCV), 2026 WL 2124364, at *1 (C.D. Cal. July 22, 2026) (citing *Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025), for the proposition that a claim that the government failed to prove dangerousness by clear and convincing evidence is a mixed question of law and fact that should be exhausted).

As to the applicable burden of proof, the BIA generally follows the law of the circuit in which a case arises. *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 350 n.10 (2005) ("With rare exceptions, the BIA follows the law of the circuit in which an individual case arises[.]"); *see also Matter of U. Singh*, 25 I. & N. Dec. 670, 672 (BIA 2012) ("We apply the law of the circuit in cases arising in that jurisdiction[.]"). If *Singh v. Holder* governs Petitioner's custody redetermination, as he contends, the BIA would apply it, as it has applied a Government burden of clear and convincing evidence when a federal court required that standard. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 211 n.2, 212, 215 (BIA 2025). And if the question is instead one the BIA cannot decide, the BIA can

---

[4] Petitioner faults the Immigration Judge for preparing a memorandum decision only after Petitioner appealed. (Doc. 7 at 3.) That timing reflects agency practice, which the Immigration Judge's memorandum cites (Doc. 1-1 at 58), not an irregularity in Petitioner's case. *See Tojxitumul v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-04431-JLT-CDB (HC), 2026 WL 1786393, at *2 n.2 (E.D. Cal. June 22, 2026) (explaining that upon appeal to the BIA, "the Immigration Judge prepares a written decision based on notes from the hearing") (quoting U.S. Dep't of Justice, Exec. Off. for Immigr. Rev., EOIR Policy Manual pt. II (Immigration Court Practice Manual), ch. 8.3(e)(7)).

In *Singh*, 638 F.3d at 1208-09, the Ninth Circuit held that due process requires a contemporaneous record of *Casas* hearings, that the post-appeal memorandum is not an adequate substitute, and that an audio recording made available on appeal will suffice. As noted, Petitioner's hearing was not conducted as a *Casas* hearing. *See supra* note 3. And even where the requirement applies, *Singh* required a showing of prejudice. 638 F.3d at 1209. Whether the requirement extends to a custody redetermination under § 1226(a), whether a recording of Petitioner's hearing exists, and whether its absence prejudiced him are questions for the BIA in the first instance.

still grant relief on de novo review without reaching it. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *cf. Diaz Reyes v. Mayorkas*, 854 F. App'x 190, 190 (9th Cir. 2021) (noting that the BIA vacated the bond denial while the exhaustion ruling was on appeal). If the BIA affirms, Petitioner may file a new § 2241 petition with his exhausted claims and a complete record. *See Leonardo*, 646 F.3d at 1160-61 (explaining that a petitioner who has exhausted his administrative remedies "may file a new habeas action in district court challenging the BIA's decision denying bond"). Because the BIA can decide the claims the Petition presents, Petitioner has not shown that the administrative remedy is inadequate.

Petitioner also contends that exhaustion would be futile because the immigration courts and the BIA can no longer provide Petitioner with an impartial tribunal. (Doc. 7 at 4-5.) "[T]here is no exhaustion requirement if resort to the agency would be futile." *SAIF Corp./Oregon Ship v. Johnson*, 908 F.2d 1434, 1441 (9th Cir. 1990). Recourse to the BIA is futile where "the agency's position on the question at issue appears already set." *Hernandez*, 872 F.3d at 989 (quoting *El Rescate Legal Servs., Inc. v. Exec. Off. for Immigr. Rev.*, 959 F.2d 742, 747 (9th Cir. 1991)).

In support of his futility argument, Petitioner cites news and law review articles and statistics regarding the BIA's published precedent decisions. (Doc. 7 at 4-8.) He also cites decisions from other district courts expressing concern about the neutrality of immigration judges in those districts. (Doc. 7 at 2-3, 5-6.) These materials are general and do not address the Immigration Judge who decided Petitioner's custody or the appeal now pending before the BIA. Statistics about the dispositions of the BIA's published cases do not show that an appeal in a particular case would be futile. *See Hernandez Ortiz*, 2026 WL 2124364, at *2 (rejecting argument that statistics show the BIA operates as a "rubberstamp" where the petitioner had not shown "that the BIA has a specific policy of affirming IJs' bond decisions" (quoting *Aden*, 2019 WL 5802013, at *3)); *L.B. v. LaRose*, No. 26-cv-3330-RSH-JLB, 2026 WL 1760338, at *2 (S.D. Cal. June 18, 2026) (declining to waive exhaustion where the petitioner, after a court-ordered bond hearing, argued that the BIA would "rubberstamp" her bond denial). Futility cannot rest on a generalized prediction that

the BIA is unlikely to rule in Petitioner's favor. *See Santos Barrera*, 2025 WL 2684198, at *4 ("Arguing in generalities that the BIA is unlikely to rule favorably for a petitioner is not sufficient to trigger waiver."); *Villa v. Mullin*, No. 5:26-cv-01690-JDE, 2026 WL 1583941, at *3 (C.D. Cal. June 2, 2026) ("Claiming such efforts would be futile without even trying is generally an inadequate basis to excuse exhaustion.").

Nor does the Executive Office for Immigration Review's interim final rule that Petitioner cites (Doc. 7 at 6 n.7, 8) support a futility finding. The rule expressly excepted bond appeals from its summary-dismissal provision, *see* Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 n.11, 5277 (Feb. 6, 2026), and that provision was vacated before the Immigration Judge ruled in Petitioner's case, *see Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119, 156, 167-68 (D.D.C. 2026). Petitioner has not shown that pursuing his pending appeal would be futile.

Petitioner also has not shown irreparable injury. Contrary to Petitioner's contentions (Doc. 7 at 4, 9), detention that follows a bond hearing is not, by itself, irreparable harm sufficient to excuse exhaustion. *See, e.g.*, *Aden*, 2019 WL 5802013, at *3; *Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (continued detention while a BIA appeal of a bond denial is pending does not, without more, establish irreparable injury), *aff'd sub nom. Diaz Reyes*, 854 F. App'x 190. *But cf. Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020) (excusing exhaustion where continued detention was exacerbating the petitioner's diagnosed post-traumatic stress disorder). Petitioner's irreparable-harm argument treats his detention as unconstitutional, and therefore irreparable, before the constitutional question has been decided. *See Francisco Cortez v. Nielsen*, No. 19-cv-00754-PJH, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019) (such an argument "begs the constitutional questions presented in [the] petition"). It is also an argument available to every alien detained following an adverse custody determination, and accepting it would create "an exception to exhaustion that would swallow the rule." *Martinez v. Scott*, 2025 WL

2689844, at *6; *see also Fan*, 2026 WL 2276462, at *15 (recognizing that there are "compelling cases where continued detention pending a lengthy BIA appeal would constitute irreparable injury," but that the exceptions "cannot swallow the rule").

*Leonardo* is instructive. There, a detained alien received a court-ordered bond hearing, was denied bond, and sought review of the Immigration Judge's decision in the district court without first appealing to the BIA. 646 F.3d at 1159. The Ninth Circuit held that "[t]his short cut was improper" and that the district court should have dismissed the petition without prejudice or held it in abeyance pending exhaustion. *Id.* at 1160. The exhaustion rule is not an empty formality. As the court explained in *Fan*:

> [T]o enforce exhaustion—in a case like this one especially—is not to relegate detainees to a phantom zone of administrative bureaucracy. Nor is it to diminish in any way the real-world consequences of physical confinement. It is only to say that, in the mine-run of immigration detention cases, exhaustion is essential to ensuring that federal habeas courts remain Article III courts of limited *collateral* review—not de facto administrative boards of *direct* review functionally no different than the BIA.

*Fan*, 2026 WL 2276462, at *15 (emphasis in original).

The Ninth Circuit has affirmed a decision requiring exhaustion of a challenge to the standard applied at a court-ordered bond hearing, even where the court's order specified the burden the Government had to carry. In *Diaz Reyes v. Mayorkas*, the district court conditionally granted a habeas petition and "ordered her release unless the government justified her continued detention by clear and convincing evidence." 854 F. App'x at 190. After an Immigration Judge denied bond, the petitioner returned to the district court to seek enforcement of that order, "asserting that the government failed to meet its burden." *Id.* The district court required her to appeal to the BIA first, and the Ninth Circuit affirmed. *Id.* at 190-91. The petitioner argued that her motion differed from the one at issue in *Leonardo* because she "merely [sought] enforcement of the preexisting conditional habeas order, which specified a standard of review to be applied at the hearing." *Id.* at 191. The

Ninth Circuit explained that the authority she cited "did not obligate the district court to address the merits of her challenge without requiring prudential exhaustion," that "[t]he district court was in the best position to decide whether exhaustion was warranted under the circumstances before it," and that "[e]xhaustion permits a government agency to address its own potential errors before resort to the crowded dockets of district courts." *Id.*

Petitioner asserts that the Court has continuing jurisdiction to enforce its conditional grant of habeas relief. (Doc. 7 at 1 (citing *Pitchess v. Davis*, 421 U.S. 482, 490 (1975) (per curiam)).) Unlike the order in *Diaz Reyes*, however, the Court's March 20, 2026 Order did not specify that the Government would bear the burden of proof at the hearing. (Doc. 1-1 at 8.) Petitioner acknowledges that the hearing occurred "within the required timeframe pursuant to this court's order." (Doc. 1 ¶ 5.) The Immigration Judge's placement of the burden on Petitioner therefore did not depart from the Court's Order. Whether due process nonetheless required the Government to carry the burden is a new argument, not a question of compliance with the earlier order. *See Leonardo*, 646 F.3d at 1161 (explaining that where the district court found that the government had "complied exactly" with its order by providing a bond hearing before an Immigration Judge, the court "was under no obligation to address [the petitioner's] new arguments under the ambit of ensuring compliance with the earlier order"). Further, the argument is already in the administrative record. Petitioner invoked *Singh*'s clear-and-convincing standard in his motion asking the Immigration Judge to reconsider the bond denial (Doc. 1-1 at 46), the Immigration Judge did not reach the motion because the appeal divested the immigration court of jurisdiction (*id.* at 55), and the Immigration Judge's memorandum to the BIA identifies the party that bore the burden (*id.* at 59-61). The BIA is positioned to decide the question in the first instance.

In sum, Petitioner has not carried his burden of showing that any *Laing* factor excuses exhaustion. Indeed, excusing exhaustion here would "encourage detainees to deliberately bypass available administrative remedies." *Fan*, 2026 WL 2276462, at *9; *see Laing*, 370 F.3d at 1000 (whether waiver "would encourage the deliberate bypass of the

administrative scheme" is "a key consideration") (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)). Petitioner filed this action fourteen days after appealing to the BIA, before the BIA had an opportunity to rule. (Doc. 1; Doc. 1-1 at 51.) Consistent with *Leonardo*, the Petition will be dismissed without prejudice.

Therefore,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that any pending motions are **denied as moot**, and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 4th day of November, 2026.

Honorable Steven P. Logan
United States District Judge